(No. 83-CV-093)

*In re* APPLICATION OF NANCY L. HENERT.

*Opinion filed August 29, 1984.*

*Order on request for review filed December 6, 1984.*

NANCY L. HENERT, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (FAITH S. SALSBURG, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This claim arises out of an incident that occurred on October 21, 1982. Nancy L. Henert, Claimant, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1979, ch. 70, par. 71 *et seq*.

This Court has carefully considered the application

for benefits submitted on April 11, 1983, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That the Claimant, Nancy L. Henert, age 25, was a victim of a violent crime, as defined in section 2(c) of the Act, to wit: aggravated arson. Ill. Rev. Stat. 1979, ch. 38, par. 20—1.

2. That on October 21, 1982, the victim was overcome by smoke due to a fire which was set in her apartment building. The incident had occurred at the victim's residence located at 1416 East State, Rockford, Illinois. Police and fire investigators had classified the fire as aggravated arson. The victim was taken to Saint Anthony Hospital for treatment. The offender in this case was apprehended and convicted of aggravated arson.

3. That the Claimant seeks compensation for loss of earnings only. All medical bills were paid by insurance.

4. That the Claimant was employed by Walter Lawson Children's Home prior to the injury and her average monthly earnings were $667.47. Claimant was disabled and unable to work from October 21, 1982, to November 12, 1982, for a period of 16 working days.

5. That section 2(h) of the Act states that loss of earnings shall be determined on the basis of the victim's average net monthly earnings for the six months immediately preceding the date of the injury or on $750.00 per month, whichever is less.

6. That based on $667.47 per month, the maximum

compensation for loss of earnings for 16 working days is $485.43.

7. That the Claimant has complied with all pertinent provisions· of the Act and qualifies for compensation thereunder.

8. That pursuant to section 10.1(e) of the Act, this Court must deduct $200.00 from all claims (except in the case of an applicant 65 years of age or older), and the amount of benefits, payments or awards payable under the Workers' Compensation Act, Dram Shop Act, Federal Medicare, State public aid, Federal Social Security Administration burial benefits, Veterans Administration burial benefits, health insurance, or from any other source, except annuities, pension plans, Federal Social Security payments payable to dependents of the victim and the net proceeds of the first $25,000.00 (twenty-five thousand dollars) of life insurance that would inure to the benefit of the applicant.

9. That the Claimant has received $285.71 in disability benefits.

10. That the Claimant's net loss for which she seeks compensation is $199.72.

11. That section 10.1(e) of the Act limits the right of compensation to persons who have suffered a pecuniary loss of $200.00 or more attributable to a violent crime resulting in the injury or death of the victim.

12. That this claim does not meet a required condition precedent for compensation under the Act.

It is hereby ordered that this claim be, and is hereby denied.

## ORDER ON REQUEST FOR REVIEW

Poch, J.

This cause comes on to be heard on the petitioner's request for a review of our decision of August 29, 1984.

On November 10, 1984, Claimant informed Commissioner Simpson that she did not wish to pursue this matter any further.

It is hereby ordered that said request be, and hereby is, denied.